IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 3:23-CR-154-SA

ROBERT FLEMING  DEFENDANT

ORDER

Now before the Court is Robert Fleming's *pro se* Motion [29] seeking a sentence reduction pursuant to United States Sentencing Guideline Amendment 821. The Government opposes Fleming's request. Having reviewed the filings, the Court is prepared to rule.

On December 6, 2023, Fleming was indicted for unlawful possession of a machinegun. *See* [1]. He pled guilty shortly thereafter on February 27, 2024. *See* [19]. Fleming's sentencing hearing was held on June 4, 2024, at which time the Court sentenced him to serve a term of imprisonment of 57 months to be followed by three years on supervised release.

Fleming is currently housed at FCI Coleman with an anticipated release date of August 9, 2027. *See* https://www.bop.gov/inmateloc. He now seeks a sentence reduction based upon Amendment 821.

First, the Court notes that Fleming was sentenced on June 4, 2024—*after* Amendment 821 was already in effect. *See*, *e.g.*, *United States v. Elizondo*, 2025 WL 830442, at *1 (5th Cir. Mar. 17, 2025) (noting that the 2023 United States Sentencing Guideline Amendments, which included Amendment 821, became effective on November 1, 2023). Thus, the 2023 Sentencing Guidelines Manual, which incorporated Amendment 821, was utilized in the preparation of his Presentence Investigation Report [25]. Consequently, his present request is inherently flawed.

But even if Fleming had been sentenced prior to Amendment 821's effective date, the Amendment has no bearing on him.

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision of the Guidelines, lowering the number of "status points" that apply in certain circumstances. *See* U.S.S.G. § 4A1.1(e). Under the new provision, a person who has seven criminal history points or more now receives one "status point" (compared to two) and a person who has six criminal history points or less no longer receives any status points. *Id*.

Fleming received no "status points" and therefore would not be eligible for a reduction under Part A.

Part B of Amendment 821 created Guideline Section 4C1.1, which makes eligible for a reduction certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Fleming was not a zero-point offender. He received one criminal history point for a 2019 conspiracy to commit robbery conviction. *See* [25] at p. 8. He would not be eligible for a sentence reduction under Part B.

Additionally, even if Fleming could establish eligibility, the Supreme Court has instructed lower courts to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

Here, the Section 3553(a) factors counsel heavily against Fleming's request. In particular, the nature and circumstances of this offense are quite serious. Fleming illegally possessed a firearm that had been converted into a machinegun. These devices pose a significant risk of danger to the community. Additionally, the Court notes that at the time of Fleming's arrest for this offense, he was under indictment for aggravated assault and was also serving a non-adjudicated provisional sentence for conspiracy to commit robbery.

Taking all of those things into account, the Court finds the need for the imposed sentence to be high. It is necessary to reflect the seriousness of the offense, promote respect for the law,

provide just punishment, and afford adequate deterrence. The Court also has an obligation to protect the public from further crimes of the Defendant. The imposed sentence aids in achieving that result. The Section 3553(a) factors weigh against a sentence reduction.

Fleming's Motion [29] is DENIED. His sentence will not be modified.

SO ORDERED, this the 30th day of May, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

3